FILED

2011 Mar-31  PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
BLAIR FULMER,                    }
                                 }
        Plaintiff,               }
                                 }     CIVIL ACTION NO.
v.                               }     CV-10-TMP-0181-S
                                 }
LEISURE BAY INDUSTRIES, INC.,    }     Jury Trial
                                 }
        Defendant.               }
```

## MEMORANDUM OPINION AND ORDER

There is a continuing debate over the authority of a magistrate judge, to whom the parties have not conceded full jurisdiction, to order the remand of a case removed from a state court.  Is it a dispositive order?  The protocol in this court, followed by the magistrate judge in the above-entitled case, is for the magistrate judge to order a remand if he finds it appropriate, but to withhold the effectuation of the order pending timely objection by the party resisting remand.  There has been such an objection to the magistrate judge's remand order in this case, requiring its reassignment to a district judge for review.

The action was filed in the Circuit Court of Shelby County, Alabama, on November 23, 2009, by plaintiff, Blair Fulmer ("Fulmer").  His complaint alleged that defendant, Leisure Bay Industries, Inc. ("Leisure Bay"), Fulmer's former employer, discriminated against him based on his age in violation of the Alabama Age Discrimination in Employment Act (AADEA), Ala. Code §§

25-1-20, *et seq.* Fulmer sought relief in the forms of compensation for lost wages and for mental anguish, punitive damages, equitable relief, and attorney's fees, all of which are available under the AADEA. Leisure Bay timely filed a notice of removal on the basis of diversity, and the case was randomly assigned to a magistrate judge, to whom the parties did not concede full jurisdiction.

Fulmer's complaint contained no *ad damnum* clause, a clause not required under Alabama procedural rules. Leisure Bay alleged in its notice of removal, with good reason, that the amount in controversy exceeded the $75,000 required for removal under 28 U.S.C. § 1332. As will be discussed below, there was no legal certainty that Fulmer's claims did not exceed $75,000, and there was reason to think to the contrary, without having to indulge in Aristotelian logic or to exercise a wild stretch of the imagination.

The undersigned judge, to whom a review of the magistrate judge's order has been assigned, is notorious for flyspecking removal jurisdiction. In the instant case, the court finds no reason to give the benefit of doubt to Fulmer, because the court can find no basis for doubt. The court finds that defendant's objections to remand are more than justified.

After removal, Leisure Bay promptly filed its answer, and the parties proceeded to conduct a Rule 26(f) planning meeting. They reported the results on March 25, 2010, after which the magistrate

2

judge entered a scheduling order.  The parties then conducted discovery, which, based on the exhibits to Leisure Bay's timely motion for summary judgment, including a video deposition, was extensive.

Not until July 20, 2010, almost six (6) months after the removal, did Fulmer file the motion to remand now under review, arguing for the first time that the amount in controversy is insufficient to maintain subject-matter jurisdiction in this court. He says nothing expressly about the amount in controversy **at the time of the removal**, which was the proper time for evaluating it. Long after the thirty (30) day time-frame for filing a motion to remand, Fulmer submitted an affidavit assuring the court that he will neither seek, nor accept, a sum in excess of $75,000 "**if the case is remanded to state court**". (emphasis added).  What would he seek or accept if the case is **not** remanded?  He is bargaining for a remand that Leisure Bay might well be wise to accept, but that Leisure Bay staunchly resists.  The magistrate judge entered his order of remand on December 2, 2010, after Leisure Bay had filed a motion for summary judgment.  Leisure Bay timely filed objections, whereupon the case was assigned to this judge for ruling on the objections.  Because the objections are specific, this judge must examine the question of removal jurisdiction *de novo*.

When Fulmer invoked the AADEA and not the ADEA, he was, in the judgment of this court, attempting to avoid a federal question

3

removal under 28 U.S.C. § 1331.  If he had wanted to eliminate **all** possibility of removal, he would have inserted an *ad damnum* of $74,999.00, to include attorney's fees, or the disclaimer he filed in this court six (6) months later, and would not have not sought equitable relief, i.e., reinstatement.  He apparently overlooked the facts that defendant had diverse citizenship, and that the amount of his claim, reasonably construed, was more than $75,000. He himself undoubtedly evaluated his claim at that time at more than $75,000.  It was not wishful thinking or pie in the sky.

The AADEA is such a new Alabama statute that the anticipated amounts recoverable under it have not yet established a pattern. Therefore, because of the virtual identity of the AADEA and the ADEA, Leisure Bay had a perfect right to look at the results being obtained by plaintiffs under the ADEA, and, based upon those results, to conclude objectively, rationally, and honestly (especially when mental anguish, punitive damages, attorney's fees, and equitable relief were being sought), that it was being called upon to defend a claim in excess of $75,000.  Fulmer himself created the ambiguity that opened the door for defendant to use its good judgment to allege in its notice of removal, with relative ease and in good conscience, that the $75,000 threshold for a 28 U.S.C. § 1332 removal existed.  Leisure Bay was not obligated to guess, merely from the fact that Fulmer did not invoke the ADEA, that Fulmer, under AADEA, could never recover more than $75,000.

4

Oftentimes before a diversity removal, a defendant requests an admission in the state court that may prove the existence of less than $75,000 in controversy. However, this discovery device cannot always be accomplished within the thirty (30) day removal window, and the risk of waiting is too great. In fact, this very court has remanded a case for an untimely removal when the removing defendant did not recognize what was obvious to this court, namely, that the absence of an *ad damnum* clause, while meeting the state standard, was a transparent ploy by plaintiff, and that plaintiff was actually and obviously looking for more than $75,000. Lingering in the state court was costly in that case.

If Fulmer's affidavit and disclaimer had been filed during the prescribed thirty (30) day period for a remand motion, the jurisdictional issue would be more difficult. As it is, Congress has provided:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). This thirty (30) day window does not apply to all motions to remand, in particular, to those based on a lack of subject-matter jurisdiction. The Eleventh Circuit, however, has explained:

> There is only a thirty-day window, therefore,

5

> for a plaintiff to challenge the propriety of
> the *removal* itself, whether that challenge be
> on the basis of a procedural defect or a lack
> of subject matter jurisdiction.  Where the
> plaintiff does not challenge the removal on
> jurisdictional grounds until after judgment,
> or where the plaintiff challenges removal
> before judgment but after the thirty-day
> period has lapsed, the court is no longer
> considering the propriety of the removal, but
> instead, whether *subject matter jurisdiction*
> exists at all.

*Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1214 n.64 (11th Cir. 2007) (emphasis in original)(internal citations and quotations omitted).  *Lowery* further held that subject-matter jurisdiction is to be determined as of the time of removal, and not upon evidence discovered after removal, as in Fulmer's case.

This court is not saying that it has never remanded a case in which a plaintiff strategically retreats from the ambiguity he created about the value of his claim, if he apologizes and confesses, within thirty (30) days, that he never intended to seek more than $75,000.  This court has never remanded a case when the motion to remand was filed after the closing of the thirty (30) day window provided by § 1447(c).

The appropriate time to determine the amount in controversy is, then, the moment of removal.  *E.g. Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  Once a federal court acts pursuant to its diversity jurisdiction, subsequent events that may lower the plaintiff's expectations do not necessarily divest the court of jurisdiction.  15 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE

§ 102.104 (3d ed. 2011).  "Events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1291 (11th Cir. 2000) (overruled on other grounds by *Alvarez v. Uniroyal Tire Co.,* 508 F.3d 639 (11th Cir. 2007).

At the time of this removal, and for nearly six (6) months thereafter, the magistrate judge operated in the reasonable belief that the necessary amount in controversy existed.  Fulmer neither objected nor complained.  It would be a matter of speculation as to how Fulmer became to realize that his claim had, as a practical matter, shrunk to less than $75,000.  In Fulmer's motion to remand, he alleges, *inter alia*, that the evidence submitted by Leisure Bay for proving the existence of the requisite jurisdictional amount is based on false assumptions.  For instance, Fulmer attacks Leisure Bay's calculation of Fulmer's back pay, because Fulmer has been disabled and unable to work since his termination, and has received temporary disability benefits from May of 2008 through June of 2009.  When and how did Fulmer learn of this?  Back pay may be relatively insignificant when compared to mental anguish, punitive damages, and attorney's fees.  The time within which Fulmer should have learned of, and evaluated, the material facts upon which to determine value of his claim, cannot be six (6) months (or two (2) years?) after the removal.  To allow a sudden revelation that the

requisite amount in controversy is not achievable, and thus presents an opportunity for remand, would mean that a remand can be ordered even during closing argument, that is, if the plaintiff wilts and orally moves for a remand, confessing that he is not entitled to more than $75,000.  A literal reading of § 1447(c) may suggest this possibility, but no decision binding on this court has ever held so.

A plaintiff who is impermissibly vague in his state court complaint, and who remains silent for six (6) months after removal, while discovery proceeds, can be fairly accused of testing the federal court water, and after finding it too warm, pulls out his toe.  Last, but not least, in the instant case, Fulmer did not make his "concession" until after Leisure Bay was already contemplating summary judgment, and, even then, he did not do it unequivocally.  For instance, he has never expressly disclaimed entitlement to equitable relief if the case is remanded to the state court.  Fulmer's motion not only comes too late, but is suspiciously equivocal.  It overlooks the facts-of-life inherent in a § 1332 removal.

Leisure Bay's objections are well taken, are SUSTAINED, and the order of remand is VACATED.  The case is REASSIGNED to the magistrate judge for further proceedings.

8

DONE this 31st day of March, 2011.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE